ACCEPTED
03-15-00020-CV
5775876
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/22/2015 4:50:02 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00020-CV**

**IN THE COURT OF APPEALS OF TEXAS
THIRD DISTRICT, AUSTIN**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/22/2015 4:50:02 PM
JEFFREY D. KYLE
Clerk

**JAMES V. LONG,**

*Appellant,*

**vs.**

**SOUTHWEST FUNDING LP, et al.,**
*Appellees.*

**On Appeal from the 126th Judicial District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-10-003483**

**APPELLEE SOUTHWEST FUNDING L.P.'S BRIEF**

Brian P. Casey
State Bar No. 00793476
Douglas G. Dent
State Bar No. 24078062
6836 Bee Caves, Bldg. 3, Suite 303
Austin, Texas 78746
Tel.: 512-617-6409
Fax: 888-530-9616
bcasey@caseylawtx.com
ddent@caseylawtx.com

ATTORNEYS FOR APPELLEE
SOUTHWEST FUNDING, L.P.

1

# TABLE OF CONTENTS

TABLE OF CONTENTS...........................................................................................2

INDEX OF AUTHORITIES ....................................................................................3

I.  STATEMENT ON ORAL ARGUMENT .........................................................4

II.  RESTATED ISSUE PRESENTED.................................................................4

III.  ADOPTION AND JOINDER ........................................................................4

IV.  STATEMENT OF FACTS..............................................................................4

V.  SUMMARY OF ADDITIONAL ARGUMENT ..............................................5

VI. ARGUMENT AND AUTHORITIES..............................................................5

VII. CONCLUSION...............................................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)……………..5

*Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)………………………………..5

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)………………..5

*Lockett v. HB Zackry Co.*, 285 S.W.3d 63, 72 (Tex.App. – Houston [1st Dist.] 2009, no pet.)…………………………………………………………………..6

*McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)……..6

## I. STATEMENT ON ORAL ARGUMENT

Appellee Southwest Funding does not request oral argument and does not believe that oral argument is necessary to address the issues raised by this appeal.

## II. RESTATED ISSUE PRESENTED

Issue No. 1: Whether the trial court erred in granting summary judgment in favor of Appellees.[1]

## III. ADOPTION AND JOINDER

Appellee Southwest Funding, L.P. hereby joins, adopts and incorporates by reference all statements and arguments contained in Appellees IndyMac Mortgage Services, OneWest Bank, FSB and Deutsche Bank National Trust Co.'s brief filed with this Court on June 22, 2015.

## IV. STATEMENT OF FACTS[2]

Southwest Funding, L.P. ("Southwest Funding") was not a party to the underlying foreclosure proceeding. The Deutsche Bank defendants filed their motion for summary judgment with the trial court on November 12, 2013.[3] The trial court granted the Deutsche Bank defendants' motion on January 21, 2014.[4] Southwest Funding joined in the Deutsche Bank defendants' motion on December

---

[1] Appellant does not challenge the trial court's granting of summary judgment against

[2] Because Southwest Funding joins and adopts the other arguments and statements in co-Appellees' brief, this Statement of Facts includes only additional facts necessary to Southwest Funding's additional argument set forth below.

[3] CR 182.

[4] CR 350.

23, 2013.[5] Appellant did not file any response to Southwest Funding's joinder.[6] On October 9, 2014, the trial court granted Southwest Funding's motion for summary judgment.[7]

## V. SUMMARY OF ADDITIONAL ARGUMENT

The trial court did not err in granting summary judgment against Appellant and in favor of Appellee Southwest Funding, L.P. on Appellant's TILA claim. Appellant failed to respond to Southwest Funding's motion for summary judgment, and therefore, Appellant may not challenge the factual evidence on appeal.

## VI. ARGUMENT AND AUTHORITIES

On appeal, a trial court's summary judgment is reviewed de novo.[8] When the trial court's order granting summary judgment does not specify the grounds on which the court relied for its ruling, summary judgment will be affirmed on appeal if any theories advanced are meritorious.[9] When an appellant fails to challenge a ground on which a trial court may have granted summary judgment—either properly or improperly, then summary judgment must be affirmed.[10]

Southwest Funding's joinder in the other Appellees' motion for summary judgment before the trial court was appropriate, as Texas courts recognize the

---

[5] CR 316.
[6] Appellant's summary judgment response to the Deutsche Bank defendants' motion (CR 255) does not address Southwest Funding's request for summary judgment.
[7] CR 363.
[8] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).
[9] *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).
[10] *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

adoption of a co-party's motion for summary judgment as a legitimate procedural practice.[11] However, Appellant's failure to respond to Southwest Funding's motion is fatal to this appeal.

A non-movant must present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment.[12] The effect of a failure by a non-movant to raise an issue is that the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant.[13]

Following Southwest Funding's filing of its joinder in the Deutsche Bank defendants' motion for summary judgment, Appellant failed to file any response. Appellant even failed to appear at the hearing on Southwest Funding's request for summary judgment. As a result of these failures, Appellant's appellate issues with respect to Southwest Funding are limited. Appellant may not raise any issue regarding a genuine issue of material fact because Appellant failed to make such argument before the trial court.

The trial court found that Southwest Funding was entitled to summary judgment as a matter of law. The arguments set forth by Appellant on appeal are factual in nature and do not address the legal sufficiency of Southwest Funding's summary judgment. Because Appellant failed to raise any fact issues in response

---

[11] *Lockett v. HB Zackry Co.*, 285 S.W.3d 63, 72 (Tex.App. – Houston [1st Dist.] 2009, no pet.)
[12] *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).
[13] *Id.*

to Southwest Funding's motion for summary judgment before the trial court, Appellant may not now raise such issues. Accordingly, the trial court's summary judgment must be affirmed.

## VII. CONCLUSION

For the foregoing reasons, Appellee Southwest Funding, L.P. respectfully requests that this Court and affirm the Trial Court's judgment, and grant such other relief to which Appellee may be entitled.

Respectfully submitted,

By: /s/ Brian P. Casey
      Brian P. Casey
      State Bar No. 00793476
      Douglas G. Dent
      State Bar No. 24078062
      6836 Bee Caves, Bldg. 3, Suite 303
      Austin, Texas 78746
      Tel.: 512-617-6409
      Fax: 888-530-9616
      bcasey@caseylawtx.com
      ddent@caseylawtx.com

## Certificate of Service

Pursuant to Tex. R. App. P. 9.5, I hereby certify that on June 22, 2015, I served the foregoing document via e-file or facsimile on the following persons:

James D. Pierce
1 Sugar Creek Center 1080
Sugar Land, Texas 77478
jim@jamespierce.com

Bradley E. McLain
Daniel P. Tobin
J. Garth Fennegan
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Fax: 214-526-4145

/s/ Brian P. Casey
Brian P. Casey

## Certificate of Compliance

Pursuant to Tex. R. App. P. 9.4(i)(3), I certify that this document contains 1,083 words.

/s/ Brian P. Casey
Brian P. Casey

8